F. LUCILLE JOHNSTONE
*vs.*
CARL. E. GARDNER

Cumberland.   Opinion, September 19, 1955.

*Raymond S. Oakes,* for plaintiff.

*Harris R. Bullerwell,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, JJ., THAXTER, A.R.J.   TAPLEY, J., did not sit.

BELIVEAU, J.   On exception by the plaintiff to a directed verdict in favor of the defendant.

This is an action by the plaintiff to recover damages to a certain Ford automobile and to the person of the plaintiff, who was the owner and driver of the car at the time of the collision on May 6, 1954.

The defendant filed a plea of general issue together with a brief statement that the defendant was adjudicated a

bankrupt on the second day of August 1954 and pleads this as a defense to the plaintiff's action. In her declaration the plaintiff makes the usual allegations of negligence and in addition thereto that the negligence of the defendant was willful and malicious, and for that reason was not affected by the bankruptcy proceedings.

It is true that willful and malicious injuries to the person or property of the plaintiff is not affected by bankruptcy— that is the sole issue presented here for discussion.

Am. Jur. has this to say on the subject:

> "What constitutes wilful and malicious injury growing out of an automobile accident, within the provision of the Bankruptcy Act, relating to discharge, depends in each case upon the particular facts, so that it is difficult, if not impossible, to formulate a general rule applicable to all cases. It can, however, be safely asserted that liability for simple negligence in the operation of a motor vehicle which results in an injury to another is not excepted from a discharge in bankruptcy as a wilful and malicious injury. Neither reckless nor unlawful operation of the vehicle brings liability for an injury resulting therefrom within the exception, unless the conduct appears to have been so in disregard of the consequences to another that it can be said to have been wanton as well as wilful."
>
> *6 Am. Jur. 1011, Sec. 786.*

There is not in the reported evidence one iota of testimony to substantiate the allegation of willful and malicious conduct.

The plaintiff puts much reliance on the defendant's testimony as showing malice and willfulness. It appears that prior to the collision, as set out in plaintiff's declaration the defendant had been up day and night for several days; on that morning had gone to a friend's home; had some breakfast and took a nap from 8:00 or 8:15 to 1:30 in the after-

noon; that he felt much better and headed for Yarmouth. He testified that he was "a little faint" and that as he approached the point where the collision occurred "I dozed or blanked out or something" that he sideswiped another automobile and at that point "snapped out of it" because of the loud noise caused by this collision.

The plaintiff testified that after contact with the first car the defendant came head on into her.

These facts, strenuously argued by the plaintiff as showing malicious and willful conduct, prove or show quite the contrary. The collision occurred probably because of the tired and exhausted condition of the defendant, brought on by over work and lack of sufficient sleep.

While this may be negligence, it cannot be construed or considered, in any sense of the word, as malicious and willful conduct but on the contrary, is similar to the many automobile cases which come to our court for adjudication.

"Willful" has been defined and is recognized both by laymen and the law to mean voluntary and intentional doing of an unlawful act.

Webster defines a malicious act as one characterized by, or involving, malice, having, or done with wicked or mischievous intentions or motives.

The plaintiff's declaration alleges no act or acts done by the defendant showing a bad motive, ill will or malice toward her, and, as we have said before, there is nothing in the reported testimony to support this allegation.

In a Tennessee case, a similar situation, the court has the following to say:

> "The words "willful and malicious" used in the Bankruptcy Act hereinbefore set out seem to contemplate some intentional willful act. These words indicate to us the intentional doing of an act which

must and does result in injury to a plaintiff, or that class of torts in which malice and injury are always implied."

*Marbry* v. *Cain,* S. W. Reporter (2nd) 176 at Page 815.

In *Tinker* v. *Colwell,* a case frequently quoted with approval, the court uses the following language:

"It is not necessary in the construction we give to the language of the exception in the statute to hold that every wilful act which is wrong implies malice. One who negligently drives through a crowded thoroughfare and negligently runs over an individual would not, as we suppose, be within the exception. True, he drives negligently, and that is a wrongful act, but he does not intentionally drive over the individual. If he intentionally did drive over him, it would certainly be malicious."

*Tinker* v. *Colwell,* 24 Sup. Ct. Rep. at Page 510, and 193 U. S. 473.

We find nothing in the case, other than the allegation in the plaintiff's declaration, that the defendant at any time, in the operation of his automobile, when it collided with the plaintiff's car, acted willfully or maliciously.

There was no error by the presiding justice.

*Exception overruled.*